UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TIFFANY ST. PIERRE, ET AL.

VERSUS

CELADON GROUP, INC, ET AL.

CIVIL ACTION

NO. 18-727-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 11, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TIFFANY ST. PIERRE, ET AL.

VERSUS

CELADON GROUP, INC, ET AL.

CIVIL ACTION

NO. 18-727-SDD-EWD

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (the "Motion")[1] filed by plaintiffs, Tiffany St. Pierre and Christopher St. Pierre, individually and on behalf of their minor child, E. St. Pierre ("Plaintiffs"). Defendants, Celadon Group, Inc., Celadon Trucking Services, Inc., Celadon Logistics Services, Inc. (collectively, "Celadon"), Aon Risk Services, Inc. ("Aon"), and Ernest Young ("Young") (Celadon, Aon, and Young are referred to herein as "Defendants"), have filed an Opposition.[2]

For the reasons set forth herein, the undersigned **RECOMMENDS**[3] that the Motion[4] be **DENIED**.

In the event this recommendation is adopted, the undersigned **FURTHER RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.[5]

### I.   Background

This suit arises out of three-vehicle collision occurring on July 17, 2017. Plaintiffs in this action allege that Young, while operating a tractor trailer owned by Celadon, struck Tiffany St.

---

[1] R. Doc. 5.

[2] R. Doc. 9.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 5.

[5] The previously set scheduling conference was canceled to allow resolution of the Motion to Remand. *See*, R. Doc. 7.

Pierre's vehicle from behind "causing it to careen into the preceding vehicle which was owned and being operated by" Charlotte Provost ("Provost").[6]

On July 12, 2018, Plaintiffs filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of the multi-vehicle accident.[7] Plaintiffs allege that both Young and Celadon were negligent, and that Celadon is also vicariously liable for Young's negligence.[8] Plaintiffs also name Aon as the alleged insurer of Celadon and Young,[9] and seek to recover damages for Tiffany St. Pierre's injuries, their minor daughter's injuries and loss of consortium, and Christopher St. Pierre's loss of consortium.[10] On July 31, 2018, Defendants filed a Notice of Removal, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.[11]

Almost two months prior to Plaintiffs filing this suit in state court, the driver of the lead vehicle involved in the July 17, 2017 collision, Provost, filed a separate suit in state court against

---

[6] R. Doc. 1-3, ¶ 3.

[7] R. Doc. 1-3.

[8] R. Doc. 1-3, ¶¶ 4-6.

[9] R. Doc. 1-3, ¶ 7. Plaintiffs additionally name a fictitious insurer, ABC Insurance Company, as an additional insurer of Young. R. Doc. 1-3, ¶ 8.

[10] R. Doc. 1-3, ¶¶ 9-11.

[11] R. Doc. 1. Plaintiffs are alleged to be domiciled in Louisiana. R. Doc. 1, ¶¶ II-IV. Each Celadon defendant is alleged to be a New Jersey corporation with its principal place of business in Indiana. R. Doc. 1, ¶ V. Aon is alleged to be a Texas corporation with its principal place of business in Illinois. R. Doc. 1, ¶ VI. Young is alleged to be a domiciliary of Missouri. R. Doc. 1, ¶ VII. With respect to the amount in controversy, Defendants point out that Plaintiffs allege in their Petition that Tiffany St. Pierre sustained injuries that required "surgical intervention." *See*, R. Doc. 1-3, ¶ 9. Defendants explain in their Notice of Removal that prior to removal, "undersigned counsel confirmed with Plaintiffs' counsel of record that the surgical intervention referenced in the Petition related to an Anterior Cervical Discectomy and Fusion which was performed on Plaintiff, Tiffany St. Pierre, during the past two months." R. Doc. 1, ¶ XIII. This Court has noted that "[a] brief quantum study of decisions relating to Louisiana plaintiffs who have undergone cervical surgery alone reveals damage awards of $90,000.00 to $375,000.00," *Barnett v. Wal-Mart Louisiana, LLC*, 2009 WL 722300, at * 4 (M.D. La. March 18, 2009) (collecting cases). In the instant Motion to Remand, Plaintiffs are not alleging that Defendants have failed to establish that the amount in controversy requirement is met. The undersigned agrees that the amount in controversy has been adequately established.

2

Celadon Trucking Services, Inc. ("Celadon Trucking"), Young, Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau"), and Tiffany St. Pierre (the "Provost Suit").[12] In the Provost Suit, Provost likewise alleges the negligence of Young and Celadon Trucking, as well as Celadon Trucking's vicarious liability.[13] Alternatively, Provost alleges that to the extent the vehicle driven by Tiffany St. Pierre struck the rear of Provost's vehicle first (*i.e.*, prior to being hit by Celadon Trucking's vehicle), Tiffany St. Pierre was negligent in causing the accident and Provost's damages.[14] Provost further alleges that Celadon and Young are "self-insured" and that Louisiana Farm Bureau is the insurer of Tiffany St. Pierre.[15] Provost's suit remains pending in state court.[16]

Per the instant Motion to Remand, Plaintiffs allege that in light of the Provost Suit, this Court should abstain from exercising jurisdiction over the instant suit pursuant to the principles of discretionary abstention set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). Plaintiffs argue that the Provost Suit is "a parallel proceeding which involve[s] the same parties, allegations of negligence, and claims for relief, and which presents a substantial danger of disparate judgments."[17] In opposition, Defendants argue that the Provost Suit and the instant suit should not be considered parallel proceedings, and that even assuming the suits were sufficiently parallel, none of the *Colorado River* factors support abstention.

---

[12] R. Doc. 5-2.

[13] R. Doc. 5-2, ¶¶ 10-11.

[14] R. Doc. 5-2, ¶ 12.

[15] R. Doc. 5-2, ¶¶ 14-15.

[16] Provost alleges that she is domiciled in Louisiana. R. Doc. 5-2, introductory paragraph. Therefore, the parties to the Provost suit are not completely diverse as Tiffany St. Pierre is also domiciled in Louisiana.

[17] R. Doc. 5-1, p. 1.

**II.    Law and Analysis**

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction….'"[18]  "*Colorado River* abstention is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it.  Under this doctrine, a federal court may abstain only under 'exceptional circumstances.'"[19]

"As an initial step prior to application of the *Colorado River* factors," this Court must consider whether the state and federal proceedings "are sufficiently parallel to make consideration of abstention proper."[20]  The Fifth Circuit has "identified parallel actions as those 'involving the same parties and the same issues;'" however, it has also noted that "'it may be that there need not be applied in every instance a mincing insistence on precise identity' of the parties and issues."[21]  In making the determination of whether there is parallelism, "we look to both the named parties and to the substance of the claims asserted in each proceeding.'"[22]

Here, Plaintiffs contend that the Provost Suit "inextricably incorporates all of the claims made in the instant matter along with presenting additional claims"[23] and assert that Tiffany St.

---

[18] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[19] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (internal citations omitted).

[20] *African Methodist*, 756 F.3d at 797.  *See also*, *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) ("*Colorado River* applies when suits are parallel, having the same parties and the same issues.") (citing *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir.2002)); *Byrd v. Norman*, Civil Action No. 16-563, 2017 WL 1505122, at * 6 (M.D. La. April 10, 2017), *report and recommendation adopted*, 2017 WL 1528742 (M.D. La. April 25, 2017).

[21] *African Methodist*, 756 F.3d at 797 (quoting *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)).

[22] *Id*.  *See also*, *Id*. at 798 n. 36 (citing *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) ("In analyzing whether a dismissal or stay will further the interest in avoiding piecemeal litigation, we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.").

[23] R. Doc. 5-1, p. 5.

4

Pierre "has both a reconventional demand against Provost in addition to a cross claim against Celadon and Ernest Young based on the injuries she sustained in this accident, so she will assert and litigate precisely the same personal injury claims before this Court as in the state court."[24] Plaintiffs further assert that this Court's decision in *Byrd v. Norman*,[25] in which separate suits by a husband and wife for their separate injuries stemming from the same underlying automobile accident were found to not be parallel, is distinguishable because Tiffany St. Pierre is a named defendant in the Provost Suit and because Plaintiffs filed a Motion to Consolidate the instant matter and the Provost suit prior to this suit's removal.[26] In response, Defendants assert that Tiffany St. Pierre has not answered or filed a crossclaim in the Provost Suit and therefore "[i]n its present posture, the parties to the Provost and St. Pierre cases are not identical and, more significantly, the Provost Lawsuit pending in state court will not dispose of St. Pierre's claims…."[27]

Even assuming, *arguendo*, that the Provost Suit remains in the same procedural posture as it was when Defendants filed their opposition (specifically, that Tiffany St. Pierre still has not made an appearance in that action), the undersigned finds that the naming of Mrs. St. Pierre as a defendant in the Provost Suit distinguishes this matter from the separate suits of husband and wife

---

[24] R. Doc. 5-1, p. 7.

[25] Civil Action No. 16-563, 2017 WL 1505122, at * 6 (M.D. La. April 10, 2017), *report and recommendation adopted*, 2017 WL 1528742 (M.D. La. April 25, 2017).

[26] R. Doc. 5-1, pp. 5-7 (discussing, *inter alia*, *Byrd*, 2017 WL 1505122). It appears that the Motion to Consolidate was filed in the St. Pierre suit on the same day Defendants filed the Notice of Removal. R. Docs. 5-4 & 1. Pursuant to 28 U.S.C. § 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Assuming Defendants completed all steps required to give notice of their removal, the state court would be divested of jurisdiction to rule on the Motion to Consolidate. *See*, *Wolf v. Deutsche Bank National Trust Co. for American Home Mortgage Invest. Trust 2007-1*, 745 Fed. Appx. 205, 208 (5th Cir. 2018) ("removal 'divests the state court of jurisdiction and precludes any state-court/federal-court conflict.'") (citations omitted).

[27] R. Doc. 9, p. 5 ("St. Pierre has not made an appearance in the Provost Lawsuit; she has not answered suit, nor has she filed a crossclaim against Celadon or Young to allege personal injury or damages. Indeed, the only case in which St. Pierre's claims are presently being litigated is the case before this Court.").

5

at issue in *Byrd*. As a named party in the Provost Suit, Mrs. St. Pierre will have to protect her interests in that suit[28] and Mrs. St. Pierre has repeatedly asserted in judicial filings both before this Court and the state district court that she will file a cross claim against Celadon and Young in the Provost Suit.[29] Accordingly, the undersigned finds that the instant suit and the Provost Suit are sufficiently parallel to warrant consideration of the *Colorado River* factors.[30]

In this Circuit, after determining that the suits at issue are parallel, courts considering abstention under *Colorado River* look to six relevant factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[31] "We do not apply these factors mechanically, but carefully balance them 'with the balance heavily weighted in favor of the exercise of jurisdiction.'"[32]

---

[28] Based on a copy of the docket in the Provost Suit supplied by Plaintiffs in support of the Motion to Remand, it appears that Tiffany St. Pierre was served in the Provost Suit. R. Doc. 5-6.

[29] *See*, R. Doc. 5-4, p. 5 (Motion to Consolidate, asserting that "Tiffany St. Pierre will be making claims for recovery for personal injury against Celadon and Ernest Young in both suits – one as a Plaintiff and the other as a Cross Claimant – introducing the risk of duel and disparate adjudications of the same damages.").

[30] *See*, *Gammon v. McLain*, Civil Action No. 14-1184, 2015 WL 160449 (E.D. La. Jan. 13, 2015) (finding federal suit by plaintiffs who were injured when driver allegedly rear-ended the vehicle in which they were traveling filed against following driver, his insurers, and plaintiffs' uninsured motorist carrier was parallel to state court proceeding commenced by uninsured motorist carrier against defendant driver and one of his alleged insurers and in which plaintiffs had moved to intervene).

[31] *See*, *Stewart*, 438 F.3d at 491; *African Methodist*, 756 F.3d at 798.

[32] *Stewart*, 438 F.3d at 492 (citing *Moses H. Cone Mem. Hosp. Mercury Constr. Corp.*, 460 US 1, 16 (1983)). Plaintiffs correctly note that when considering the *Colorado River* factors, the balance is "'heavily weighted in favor of the exercise of jurisdiction.'" R. Doc. 5-1, p. 3 (quoting *B&G Crane Service, LLC v. Duvic*, Civil Action No. 05-1038, 2006 WL 8434010, at * 2 (M.D. La. Sept. 19, 2006) (quoting *Moses Cone*, 460 U.S. at 16)). However, Plaintiffs also cite to cases outside of this Circuit and reference principles of comity as between federal district courts. *See*, R. Doc. 5-1, pp. 3-4 & p. 8 (citing various California district court and 9th Circuit cases and also discussing the first-filed rule and cases considering issues of comity and conservation of judicial resources when two cases are filed in two federal district courts). *See also*, *Browning-Ferris Industries Asia Pacific, Inc. v. Texas World Operations, Inc.*, No. 2:05 CV 0934, 2005 WL 2898646, at * 2 (M.D. La. Oct. 31, 2005) ("The federal courts long have recognized that the principle of comity requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid

6

As to the first and second factors, assumption by either court of jurisdiction over a res and relative inconvenience of the forums, Plaintiffs recognize that "there is no *res* and the courthouses are not far apart."[33] Where neither court has assumed jurisdiction over a piece of property, "[t]his factor supports exercising federal jurisdiction."[34] Similarly, when both courthouses are located in the same geographical area, the absence of any inconvenience weighs against abstention.[35]

Considering the third factor, avoidance of piecemeal litigation, Plaintiffs argue that the danger of duplicative and wasteful litigation in both state and federal court is so significant that the exceptional result of abstention is appropriate.[36] However, the Fifth Circuit has clarified that "'[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination.'"[37] "*Duplicative* litigation, wasteful though it may be, is a necessary cost of our

---

interference with each other's affairs."). Later in their briefing, Plaintiffs cite this Court to *Great American Ins. Co. v. Cumberland Investment Group*, Civil Action No. 13-4763, 2013 WL 5755641 (E.D. La. Oct. 23, 2013). *See*, R. Doc. 5-1, pp. 8-9. Although the Eastern District stayed federal proceedings before it pending resolution of a related state court action, it did so based on a distinct standard applicable to federal suits seeking declaratory relief. 2013 WL 5755641, at * 2 ("Because Great American is seeking relief solely under the Declaratory Judgment Act and is not seeking injunctive relief, this Court finds that use of the standard articulated in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and reaffirmed in [*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, (1995)] is proper."). The *Cumberland Investments* court distinguished the *Billhart* standard from *Colorado River* abstention factors. *Id*. *See also*, *National Casualty Co. v. Gonzalez*, 637 Fed. Appx. 812, 817 (5th Cir. 2016) ("'Under settled Fifth Circuit law, a declaratory judgment action may be dismissed even though it fails to satisfy the stringent *Colorado River/Moses Cone* 'exceptional circumstances' test. Indeed, '[a]s a general matter, a district court's discretionary, nonmerits based dismissal of a declaratory judgment action cannot be successfully challenged merely because it does not satisfy *Colorado River* abstention.'") (internal citations omitted). Considering the clear standard articulated in this Circuit regarding *Colorado River* abstention, the undersigned does not find it necessary to expand the analysis here to include unrelated considerations of comity as between two federal district courts or abstention in the context of the Declaratory Judgment Act.

[33] R. Doc. 5-1, p. 7, n. 4.

[34] *Stewart*, 438 F.3d at 492 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)).

[35] *See*, *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) ("The federal and state courts are in approximately the same geographic location within the state. This factor therefore weighs against abstention."). *See also*, *African Methodist*, 756 F.3d at 800 ("The additional half-hour's drive makes the federal forum only slightly less convenient, and this inconvenience is minor compared to the 300-mile distance found 'significant' in *Colorado River*….").

[36] *See*, R. Doc. 5-1, p. 8 (noting the judicial inefficiency of proceeding in two forums and that "the danger of the two courts simultaneously considering the same issues or claims and rendering inconsistent verdicts is ever present."); p. 9 (explaining that "[t]his case is fraught with the danger of disparate adjudications and possible issue preclusion.").

[37] *Black Sea*, 204 F.3d at 650 (citing *Evanston*, 844 F.2d at 1192).

7

nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property."[38] Where, as here, "no court has assumed jurisdiction over a disputed res, there is no such danger"[39] and this factor weighs, if at all, only lightly in favor of abstention.[40]

As to the fourth factor, the order in which jurisdiction was obtained by the concurrent forums, Plaintiffs assert that because Tiffany St. Pierre is a named defendant in the Provost Suit (which was filed almost two months prior to the instant suit), "the state district court has jurisdiction over any reconventional demands or cross claims made by Tiffany St. Pierre."[41] The

---

[38] *Black Sea*, 204 F.3d at 650-651.

[39] *Id*.

[40] *See*, *Stewart*, 438 F.3d at 492 (finding third factor favored abstention where no property was at issue but the potential for piecemeal litigation existed because the two suits had differently captioned parties and the state court suit was the only forum in which certain claims were currently asserted, but noting that "a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments" and that the joinder of additional parties "and the ability of the trustee to file a cross-claim could moot these piecemeal characteristics."). *See also*, *Gonzalez*, 637 Fed. Appx. at 816 (where no danger of inconsistent rulings affecting property ownership was present, the avoidance of piecemeal litigation "weigh[ed] only lightly in favor of abstention."). Other Fifth Circuit opinions indicate that the lack of jurisdiction over a res weighs against abstention. *Black Sea Invest.*, 204 F.3d at 651 ("When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger. This factor therefore weighs against abstention."); *Evanston*, 844 F.2d at 1192 ("Because this case does not involve jurisdiction over a res or property, however, there is no danger of inconsistent rulings affecting property ownership. Therefore, the avoidance of piecemeal litigation does not weigh in favor of abstention."). *See also*, *Morris v. SWDI, LLC*, 872 F.Supp.2d 499, 509 (E.D. La. 2012) ("Defendant attempts to argue that 'allowing both the federal and the state suit[s] involving the same two-vehicle accident with the same parties to move forward concurrently would only result in an unnecessary duplication of efforts and piecemeal litigation.' The Court agrees that action in both federal and state courts would be largely duplicitous. However, duplicative litigation is not the same as piecemeal litigation, and the prevention of duplicative litigation is not a factor to be considered in an abstention determination. All of Defendant's arguments concern the duplicative nature of the two suits, and Defendant points to no factor that would show that allowing the federal suit to go forward would lead to piecemeal litigation. Furthermore, the Fifth Circuit has determined that the avoidance of piecemeal litigation 'does not weigh in favor of abstention' when a case 'does not involve jurisdiction over a res or property,' such that 'there is no danger of inconsistent rulings affecting property ownership.' As the Court has already noted, there is no res here. For these reasons, this factor also does not weigh in favor of abstention.") (internal citations omitted)).

[41] R. Doc. 5-1, p. 10. Plaintiffs further argue that "[t]here is evidence that Defendants here engaged in forum shopping by invoking the jurisdiction of this Court" because at the time of removal, Defendants had appeared in the Provost Suit and were aware of Plaintiffs' intent to seek consolidation of the two suits in the state court. R. Doc. 5-1, pp. 10-11. It appears that Plaintiffs discuss issues of forum shopping based on the Ninth Circuit's list of factors to be considered when a court is asked to abstain based on *Colorado River*. *See*, *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978-979 & n. 9 (9th Cir. 2011) (setting out an eight-factor test for abstention based on parallel state

8

Fifth Circuit has instructed that this factor "'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'"[42] Because of the pending Motion to Remand, the instant suit is only in its beginning procedural stages. Likewise, and based on the docket of the Provost Suit submitted in conjunction with the Motion to Remand, the Provost Suit is also in its very early stages. Accordingly, despite the fact that the Provost Suit was filed first, the undersigned finds that no significant progress has been made in either suit and therefore this factor weighs against abstention.[43]

With regard to the fifth factor, the extent to which federal law provides the rules of decision on the merits, the Fifth Circuit has instructed that "the presence of state law issues weighs in favor of surrender [of jurisdiction] only in rare circumstances."[44] Indeed, this Court regularly considers state tort law claims. Plaintiffs recognize that this factor is neutral.[45]

Finally, as to the sixth factor, the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction, this factor "can only be a neutral factor or one that weighs

---

court proceedings and noting that certain factors (including the avoidance of forum shopping) were drawn from Ninth Circuit cases subsequent to *Colorado River*). Assuming, *arguendo*, that forum shopping is a factor that should be considered, this is not a situation in which Defendants suffered an adverse ruling in state court prior to removal.

[42] *Black Sea*, 204 F.3d at 651 (citing *Moses H. Cone Mem. Hosp. Mercury Constr. Corp.*, 460 US 1, 21 (1983)).

[43] *See*, *Black Sea*, 204 F.3d at 651 ("As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention.").

[44] *Evanston*, 844 F.2d at 1193.

[45] R. Doc. 5-1, p. 11. *See*, *Stewart*, 438 F.3d at 493 ("This case involves only issues of state law as it is being heard by the court under its diversity jurisdiction. Nonetheless, the Appellee has failed to show that 'rare circumstances' exist. Therefore, this factor is 'at most neutral.'") (internal citations omitted). *See also*, *Gammon*, 2015 WL 160449, at * 3 ("the cases pose basic tort and insurance questions, and plaintiffs have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral.").

9

against, not for, abstention."[46] Accordingly, the undersigned finds that this factor does not weigh in favor of abstention. Plaintiffs also recognize that this factor is neutral.[47]

Based on the above analysis, only one of the *Colorado River* factors weighs (and then only slightly), in favor of abstention. Because abstention based on parallel state court proceedings "is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it," should be exercised only in "exceptional circumstances," and requires this Court to balance various factors as "heavily weighted in favor of the exercise of jurisdiction,"[48] the undersigned recommends that Plaintiff's Motion to Remand based on abstention under *Colorado River* be DENIED.[49]

### III.   Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[50] be **DENIED**.

In the event this recommendation is adopted, the undersigned **FURTHER RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.

---

[46] *Evanston*, 844 F.2d at 1193 (explaining that "it is clear from its nature that [this factor] can only be a neutral factor or one that weighs against, not for, abstention. A party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings."). *See also*, *African Methodist*, 756 F.3d at 801 ("We have made clear that the sixth factor, like the fifth, can only be neutral or weigh against abstention; it cannot weigh in favor of abstention.").

[47] R. Doc. 5-1, p. 11.

[48] *Stewart*, 438 F.3d at 492 (citing *Moses H. Cone Mem. Hosp. Mercury Constr. Corp.*, 460 US 1, 16 (1983)).

[49] Plaintiffs alternatively request that "if the Court sees fit to retain jurisdiction, it is respectfully requested that a stay be entered in favor of the state court litigation in which all parties – including Provost – are present and in which all claims of negligence can be resolved with the participation of all parties." R. Doc. 5-1, pp. 12-13. In support of this position, Plaintiffs cite *Parham v. Nationstar Mortgage, LLC*, Civil Action No. 14-3376, 2016 WL 4402046 (W.D. La. Aug. 17, 2016). In *Parham*, the court found, based on the *Colorado River* factors, that "this matter presents exceptional circumstances that warrant a stay until the parallel state court action is resolved." *Id*. at * 1. Here, for the reasons set forth above, the undersigned finds that the *Colorado River* factors do not support abstention, and for the same reasons, do not support a stay.

[50] R. Doc. 5.

Signed in Baton Rouge, Louisiana, on April 11, 2019.

*(signature)*

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**